# CITY OF AURORA
## v.
## WILLIAM ROCKABRAND.

*Municipal Corporations—Defective Highways—Personal Injuries—Pile of Gravel in Highway.*

1. Whether or not the leaving of a gravel pile in a street over night did not render the same unreasonably unsafe for travelers, and whether or not such street was well lighted upon the night of an accident, are, in a given case, questions of fact for the determination of the jury.

2. In an action brought to recover from a municipality for personal injuries suffered through the overturning of plaintiff's wagon in the night time by reason of a pile of gravel being left upon a highway, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed May 23, 1893.]

APPEAL from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding.

Messrs. CHARLES WHEATON and C. I. McNETT, for appellant.

Messrs. ALSCHULER & MURPHY, for appellee.

MR. JUSTICE LACEY. This was a suit by appellee against appellant to recover for injuries received by him in having his

peddling wagon, drawn by horses, turned over on the streets of the city while he was driving along, by which he received such injuries to one foot that destroys the use of it and his leg permanently, and affects his nervous system in such a way that he has lost the use of his sight by disease of the optic nerve. The disease caused by the injury is progressive and will probably cause the death of appellee in a few years at most. He is a physical wreck.

The trial resulted in a verdict and judgment for $5,000, and on the trial before, the verdict was for $6,000, which was set aside on account of the death of the judge who tried it, before judgment was rendered.

The negligence of appellant charged in the declaration was in piling up gravel on the street from two to three feet high, leaving it in that condition over night so that when appellee was driving along he, without negligence, ran onto it and upset his wagon and was thrown out and injured in the manner above stated; a bar of iron with which the wagon was loaded falling on him and doing the injury.

It is strenuously urged that the city was guilty of no negligence. It is insisted that the gravel banks left in the street were not unreasonably unsafe for travelers going along in the condition of appellee, even in the night time, when the accident occurred, and that the street was well lighted. These, however, were questions of fact for the jury, and it has decided them against the contention of appellant. The accident took place near the junction of North avenue and Jackson street, a little west of Jackson street. The city authorities had been, on the day of the accident, drawing gravel along the center of the street, leaving it in piles, as the evidence tends to show, two or three feet high; and on the 16th day of August, 1890, the day of the accident being Saturday, the workmen, about five o'clock P. M., quit the work and went home, expecting to level down the gravel the following Monday morning, leaving those piles of gravel strung along the street. The appellee, who ran a peddling wagon, had, on the day in question, been in the country peddling and returned to the city about ten o'clock at night with

a load of rags and iron. In going to his home on the nearest route he came to near where Jackson street crosses North avenue, where he had to turn north on Jackson street, and supposing that he was on that street, turned his horses north on North avenue, and in so doing the north wheels of his wagon ran upon the gravel and it tipped over, and in some manner his foot was crushed; presumably by a bar of railroad iron which was on the wagon, falling upon it.

The iron was about six feet long and projected out on either side of the wagon.

The evidence tends to show and the jury were, we think, justified in believing, that those heaps of gravel being on one of the most public thoroughfares of the city were unreasonably unsafe for persons driving along in the darkness of night, unacquainted with the fact of their being there, in the condition of appellee.

It is insisted on the part of appellant that those heaps of gravel were not near so high and formidable as appellee's witnesses would lead one to suppose, and that there was plenty of electric light in the neighborhood so that the appellee could have seen the gravel had he been in the exercise of ordinary care. In answer to these suggestions we are compelled to say after a full examination of the evidence that the jury was clearly justified in finding against it on those issues. According to the testimony of the two Zieglers, Esser, Meyer, Leifheit, and Phillips, the place was not lighted at all by the electric lights and the street where the accident occurred was dark, so that the heaps of gravel could not be observed by a person driving along in a wagon.

And this evidence we think the jury was justified in believing, as against the evidence of appellant. It appears, too, that when the wagon was righted up while empty, in the condition it was just before it tipped over, it took three or four men to hold it up to prevent it from tipping back again as it had done before. This evidence, together with the evidence of other witnesses as to the height of the gravel, justified the jury in finding that it was dangerous. It appears, too, from the evidence of Charles Loveland, who

has done the city's leveling and spreading of gravel for many years, that it was usual to level the gravel off at night if it was on a public street. It appears, however, that on this occasion the usual precautions were omitted, and this accident happened in consequence. It is contended by the appellant also, that the appellee must have known that the gravel was scattered along the street of North avenue, for, as he went east on such avenue he must have passed over a portion of it before reaching the point where the wagon upset, the gravel having been scattered along for about two blocks and the accident happening at the east end of it.

We think, however, that the evidence fails to show the justification of the appellant in this contention. There are objections made to the special findings of the jury being against the weight of the evidence, but we think they are not maintainable. An objection is made to the instructions, in that the court directed the jury to find the appellant guilty, if the jury believed it guilty from a preponderance of the evidence, as charged in the declaration. We see no error in this instruction. The issues were plainly made by the declaration and pleas and there was no chance for misapprehension on the part of the jury.

It is insisted also, that the damages were excessive. We think, however, as appellee was permanently and wholly disabled, so that he could do nothing toward making a support, that the damages were not excessive. He was a laborer and a purchaser of old iron and rags, by which the evidence tended to show he was enabled to make a good living and support himself and family.

We are inclined to think, everything considered—his injury, pain and suffering and loss of support—that the damages are not excessive.

We have examined the case carefully and find the record unusually free from error, either as to the law laid down by the court or the verdict of the jury.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*